UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANNY AMEN VALENTINE SHABAZZ,

                Petitioner,

-against-

ROBERT RZA DIGGS, et al.,

                Respondents.

1:23-CV-9864 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order and judgment dated January 12, 2024, and entered on January 16, 2024, the Court dismissed this *pro se* action without prejudice due to Petitioner's failure to submit a signed signature page for his complaint. (ECF 5 & 6.) The Court, in an order dated March 22, 2024, and entered on March 27, 2024, denied what the Court construed as Petitioner's subsequent attempt to seek relief under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). (ECF 8.) By order dated May 10, 2024, and entered on May 16, 2024, the Court denied what it construed as yet another attempt by Petitioner to seek relief under Rule 60(b), and also denied his request for counsel. (ECF 10.) The Court informed Petitioner that it would thereafter only accept documents that were directed to the United States Court of Appeals for the Second Circuit, and that, if he filed other documents in this action that were frivolous or meritless, the Court would direct him to show cause why he should not be barred from filing further documents in this action. (*Id.*) Petitioner appealed. On August 9, 2024, the Court of Appeals dismissed that appeal, effective August 30, 2024, due to Petitioner's failure to pay the filing fee to bring an appeal or move for *in forma pauperis* ("IFP") status in that court. *Shabazz v. Diggs*, No. 24-1918 (2d Cir. Aug. 9, 2024). In an order dated January 7, 2025, and entered on January 14, 2025, the Court denied what it understood to be Petitioner's third attempt at seeking Rule 60(b) relief, and denied

Petitioner's request for the appointment of *pro bono* counsel. (ECF 15.) The Court also directed Petitioner to show cause by declaration, within 30 days of the date of that order, why the Court should not bar him from filing further documents in this action without the court's leave to file. (*Id.*) The Court warned him that, should he fail to file a declaration within the time allowed, or should his declaration fail to set forth good cause why the abovementioned filing injunction should not be imposed upon him, the Court would bar him from filing any further documents in this action without the court's leave to file. (*Id.*) By order dated April 15, 2025, and entered on April 17, 2025, the Court granted Petitioner an additional 30 days to file a declaration in compliance with the Court's January 7, 2025 order; the Court also informed him that no further extensions of time would be granted and that he was subject to the same warning that the Court gave him in the Court's January 7, 2025 order. (ECF 18.)

On May 11, 2025, Petitioner filed a letter. (ECF 19.) Petitioner's letter does not, however, show cause as to why the Court should not impose the abovementioned filing injunction. Accordingly, the Court hereby bars Petitioner from filing any further documents in this action without the court's leave to file. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court hereby bars Petitioner from filing any further documents in this action without first obtaining the court's leave to file. *See* 28 U.S.C. § 1651. In order to seek such leave to file, Petitioner must attach a copy of his proposed document and a copy of this order to a motion seeking leave to file that is submitted to the Pro Se Intake Unit of this court. If Petitioner violates this order and files a document in this action without filing a motion for leave to file, the court will ignore the document.

Petitioner is further warned that his continued submission of frivolous or otherwise nonmeritorious documents in this action may result in the imposition of additional sanctions, including monetary penalties. *See id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 17, 2025
       New York, New York

    /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    Chief United States District Judge